PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his friend, Marnetta E. Daniels, was driving his 2005 Volvo eastbound on MacCorkle Avenue and the wind knocked a highway sign and its post onto the vehicle. MacCorkle Avenue is a public road maintained by Respondent in Kanawha County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below. The incident giving rise to this claim occurred at approximately 1:10 p.m. on December 9,2009. MacCorkle Avenue is a paved, four-lane road with two lanes traveling in each direction. Marnetta Daniels testified that she was driving on MacCorkle Avenue near the Charleston Area Medical Center when the wind blew a sign and its post onto the Claimant’s vehicle. The sign was originally located in the median between the two eastbound and the two westbound lanes. Ms. Daniels stated that she was unable to avoid this hazard due to the traffic. As a result of this incident, Claimant’s vehicle sustained damage in the amount of $3,114.49. Claimant had liability insurance only. Likewise, Ms. Daniels’ insurance on her personal vehicle afforded coverage for liability claims only.
The position of the Respondent is that it is not responsible for the damage sustained to Claimant’s vehicle as a result of this incident. Darrell Black, Crew Leader Three For Respondent’s Nitro Sign Shop, testified that he was responsible for installing the sign in question. He stated that the “Keep Right” sign was placed onto a ten-foot aluminum post. The post was mounted onto a turtle back piece that was bolted into the concrete. As a safety measure, a break-away component was installed into the turtle back piece to ensure that the turtle back piece would not break off. This design also enabled the sign and its post to break off and fall backwards if it were hit by a vehicle. Mr. Black stated that Respondent could not have taken any measures *133 to prevent the wind from blowing the sign onto the Claimant’s vehicle.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that the sign was not adequately secured at the time of this incident. There is no evidence that the force of the wind blowing at the time of this incident could not have been reasonably anticipated by the Respondent. Thus, the Court finds Respondent negligent and Claimant may make a recovery for the damage to his vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $3,114.49.
Award of $3,114.49.